DEREK BROWN
Utah Attorney General
GREG HEWITT (18017)
SCOTT T. ALLEN (17928)
Assistant Attorneys General
160 East 300 South, 6th Floor
PO Box 140856
Salt Lake City, UT 84114-0856
Telephone: (801) 366-0100
E-mail: gahewitt@agutah.gov
        stallen@agutah.gov

*Attorneys for Defendant Sione Tuipulotu*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| J.L. and K.S., <br><br> Plaintiffs, <br><br> v. <br><br> JARED GARCIA, SHARON D'AMICO, DERICK ZORN, JARED BEERS, MATTHEW COOMBS, CASEY GEHMAN, DAVID HARDY, SPENCER KILPACK, SIONE TUIPULOTU, and JOHN DOES 1-10, <br><br> Defendants. | **SIONE TUIPULOTU'S ANSWER TO COMPLAINT AND JURY DEMAND** <br><br> Case No. 2:26-cv-00404 <br><br> Judge Ann Marie McIff Allen <br><br> Chief Magistrate Judge Cecilia M. Romero |

Defendant Sione Tuipulotu, through undersigned counsel, answers Plaintiffs' Complaint and Jury Demand[1] as follows:

---

[1] ECF No. 6.

## INTRODUCTION

The Complaint's Introduction contains legal argument to which no response is required. To the extent a response is required, Tuipulotu denies any allegations directed to him and lacks sufficient knowledge to admit or deny the remaining allegations and therefore denies them. To the extent an answer is required, Tuipulotu responds as follows:

1. Tuipulotu lacks sufficient knowledge to admit or deny the allegations in paragraph 1 and therefore denies them.

2. Tuipulotu denies any allegations directed to him in paragraph 2 and lacks sufficient knowledge to admit or deny the remaining allegations and therefore denies them.

3. Tuipulotu denies any allegations directed to him in paragraph 3 and lacks sufficient knowledge to admit or deny the remaining allegations and therefore denies them.

4. Tuipulotu denies any allegations directed to him in paragraph 4 and lacks sufficient knowledge to admit or deny the remaining allegations and therefore denies them.

5. Tuipulotu denies any allegations directed to him in paragraph 5 and lacks sufficient knowledge to admit or deny the remaining allegations and therefore denies them.

6. The allegations in paragraph 6 consist of legal conclusions to which no response is required. To the extent a response is required, Tuipulotu lacks sufficient knowledge to admit or deny the allegations and therefore denies them.

## JURISDICTION AND VENUE

7. The allegations in paragraph 7 consist of legal conclusions to which no response is required. To the extent a response is required, Tuipulotu admits that Plaintiffs assert their claims in this action under the United States Constitution and the Utah Constitution.

8. The allegations in paragraph 8 consist of legal conclusions to which no response is required. To the extent a response is required, Tuipulotu admits that the Court currently has jurisdiction over this action.

9. The allegations in paragraph 9 consist of legal conclusions to which no response is required. To the extent a response is required, Tuipulotu lacks sufficient knowledge to admit or deny the allegations and therefore denies them.

10. The allegations in paragraph 10 consist of legal conclusions to which no response is required. To the extent a response is required, Tuipulotu denies any allegations directed to him and lacks sufficient knowledge to admit or deny the remaining allegations and therefore denies them.

11. The allegations in paragraph 11 consist of legal conclusions to which no response is required. To the extent a response is required, Tuipulotu lacks sufficient knowledge to admit or deny the allegations and therefore denies them.

## PARTIES

12. Tuipulotu admits Plaintiffs were incarcerated at USCF. Tuipulotu lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 12 and therefore denies them.

13. Tuipulotu lacks sufficient knowledge to admit or deny the allegations in paragraph 13 and therefore denies them.

14. Tuipulotu admits that Jared Garcia is the Executive Director of UDC. Tuipulotu lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 14 and therefore denies them.

15. Tuipulotu admits that Sharon D'Amico is the Warden of USCF. Tuipulotu lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 15 and therefore denies them.

16. Tuipulotu admits that Derick Zorn is a Deputy Warden of USCF. Tuipulotu lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 16 and therefore denies them.

17. Tuipulotu admits that Captain Jared Beers is a supervisory official over housing unit operations. Tuipulotu lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 17 and therefore denies them.

18. Tuipulotu admits that Lieutenant Matthew Combs, Lieutenant Casey Gehman, and Sergeant David Hardy are supervisory officers at USCF. Tuipulotu lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 18 and therefore denies them.

19. Tuipulotu admits that Officer Spencer Kilpack was a Correctional Officer at USCF. Tuipulotu lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 19 and therefore denies them.

20. Tuipulotu admits he was a Correctional Officer at USCF but denies all other allegations in paragraph 20.

21. Tuipulotu lacks sufficient knowledge to admit or deny the allegations in paragraph 21 and therefore denies them.

## FACTUAL ALLEGATIONS

22. Tuipulotu admits that USCF was opened in July of 2022 but lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 22 and therefore denies them.

23. Tuipulotu lacks sufficient knowledge to admit or deny the allegations in paragraph 23 and therefore denies them.

24. Tuipulotu lacks sufficient knowledge to admit or deny the allegations in paragraph 24 and therefore denies them.

25. Tuipulotu lacks sufficient knowledge to admit or deny the allegations in paragraph 25 and therefore denies them.

26. Tuipulotu lacks sufficient knowledge to admit or deny the allegations in paragraph 26 and therefore denies them.

27. The allegations in paragraph 27 are addressed to the Supervisor Defendants, and thus no response is necessary. To the extent a response is necessary, Tuipulotu lacks sufficient knowledge to admit or deny the allegations and therefore denies them.

28. The allegations in paragraph 28 are addressed to the Supervisor Defendants, and thus no response is necessary. To the extent a response is necessary, Tuipulotu lacks sufficient knowledge to admit or deny the allegations and therefore denies them.

29. The allegations in paragraph 29 are addressed to Defendant Garcia, and thus no response is necessary. To the extent a response is necessary, Tuipulotu lacks sufficient knowledge to admit or deny the allegations and therefore denies them.

30. Tuipulotu lacks sufficient knowledge to admit or deny the allegations in paragraph 30 and therefore denies them.

31. The allegations in paragraph 31 are addressed to the Supervisor Defendants, and thus no response is necessary. To the extent a response is necessary, Tuipulotu lacks sufficient knowledge to admit or deny the allegations and therefore denies them.

32. The allegations in paragraph 32 are addressed to the Supervisor Defendants, and thus no response is necessary. To the extent a response is necessary, Tuipulotu lacks sufficient knowledge to admit or deny the allegations and therefore denies them.

33. The allegations in paragraph 33 are addressed to the Supervisor Defendants and consist of a legal conclusion, and thus no response is necessary. To the extent a response is necessary, Tuipulotu lacks sufficient knowledge to admit or deny the allegations and therefore denies them.

34.  Tuipulotu denies any allegations directed to him in paragraph 34 and lacks sufficient knowledge to admit or deny the remaining allegations and therefore denies them.

35. The allegations in paragraph 35 are addressed to the Supervisor Defendants, and thus no response is necessary. To the extent a response is necessary, Tuipulotu lacks sufficient knowledge to admit or deny the allegations and therefore denies them.

36. The allegations in paragraph 36 are addressed to the Supervisor Defendants, and thus no response is necessary. To the extent a response is necessary, Tuipulotu lacks sufficient knowledge to admit or deny the allegations and therefore denies them.

37. The allegations in paragraph 37 are addressed to the Supervisor Defendants, and thus no response is necessary. To the extent a response is necessary, Tuipulotu lacks sufficient knowledge to admit or deny the allegations and therefore denies them.

38. The allegations in paragraph 38 are addressed to the Supervisor Defendants, and thus no response is necessary. To the extent a response is necessary, Tuipulotu lacks sufficient knowledge to admit or deny the allegations and therefore denies them.

39. The allegations in paragraph 39 are addressed to the Supervisor Defendants, and thus no response is necessary. To the extent a response is necessary, Tuipulotu lacks sufficient knowledge to admit or deny the allegations and therefore denies them.

40. The allegations in paragraph 40 are addressed to the Supervisor Defendants, and thus no response is necessary. To the extent a response is necessary, Tuipulotu lacks sufficient knowledge to admit or deny the allegations and therefore denies them.

41. Tuipulotu lacks sufficient knowledge to admit or deny the allegations in paragraph 41 and therefore denies them.

42. The allegations in paragraph 42 are addressed to Defendant Kilpack, and thus no response is necessary. To the extent a response is necessary, Tuipulotu lacks sufficient knowledge to admit or deny the allegations and therefore denies them.

43. The allegations in paragraph 43 are addressed to Defendant Kilpack, and thus no response is necessary. To the extent a response is necessary, Tuipulotu lacks sufficient knowledge to admit or deny the allegations and therefore denies them.

44. The allegations in paragraph 44 are addressed to Defendant Kilpack, and thus no response is necessary. To the extent a response is necessary, Tuipulotu lacks sufficient knowledge to admit or deny the allegations and therefore denies them.

45. The allegations in paragraph 45 are addressed to Defendant Kilpack, and thus no response is necessary. To the extent a response is necessary, Tuipulotu lacks sufficient knowledge to admit or deny the allegations and therefore denies them.

46. The allegations in paragraph 46 are addressed to Defendant Kilpack, and thus no response is necessary. To the extent a response is necessary, Tuipulotu lacks sufficient knowledge to admit or deny the allegations and therefore denies them.

47. Deny.

48. Deny.

49. Deny.

50. Deny.

51. Deny.

52. Tuipulotu admits that he was not primarily assigned to Plaintiffs' housing section but was sometimes assigned to work in the section. Tuipulotu denies the remaining allegations in paragraph 52.

53. Deny.

54. Deny.

55. Deny.

56. Deny.

57. The allegations in paragraph 57 are addressed to Defendant Kilpack, and thus no response is necessary. To the extent a response is necessary, Tuipulotu lacks sufficient knowledge to admit or deny the allegations and therefore denies them.

8

58. The allegations in paragraph 58 are addressed to Defendant Kilpack and the Supervisor Defendants, and thus no response is necessary. To the extent a response is necessary, Tuipulotu lacks sufficient knowledge to admit or deny the allegations and therefore denies them.

59. The allegations in paragraph 59 are addressed to Defendant Kilpack and the Supervisor Defendants, and thus no response is necessary. To the extent a response is necessary, Tuipulotu lacks sufficient knowledge to admit or deny the allegations and therefore denies them.

60. The allegations in paragraph 60 are addressed to the Supervisor Defendants, and thus no response is necessary. To the extent a response is necessary, Tuipulotu lacks sufficient knowledge to admit or deny the allegations and therefore denies them.

61. The allegations in paragraph 61 are addressed to Kilpack and the Supervisor Defendants, and thus no response is necessary. To the extent a response is necessary, Tuipulotu lacks sufficient knowledge to admit or deny the allegations and therefore denies them.

62. The allegations in paragraph 62 are not addressed to Tuipulotu, and thus no response is necessary. To the extent a response is necessary, Tuipulotu lacks sufficient knowledge to admit or deny the allegations and therefore denies them.

63. The allegations in paragraph 63 are not addressed to Tuipulotu, and thus no response is necessary. To the extent a response is necessary, Tuipulotu lacks sufficient knowledge to admit or deny the allegations and therefore denies them.

64. Tuipulotu lacks sufficient knowledge to admit or deny the allegations in paragraph 64 and therefore denies them.

65. The allegations in paragraph 65 are not addressed to Tuipulotu, and thus no response is necessary. To the extent a response is necessary, Tuipulotu lacks sufficient knowledge to admit or deny the allegations and therefore denies them.

66. Tuipulotu denies "taking women to protected, unseen areas and inappropriately lurking in women's bunk areas." The remaining allegations in paragraph 66 are not addressed to Tuipulotu, and thus no response is necessary. To the extent a response is necessary, Tuipulotu denies the allegations.

67. The allegations in paragraph 67 are not addressed to Tuipulotu, and thus no response is necessary. To the extent a response is necessary, Tuipulotu lacks sufficient knowledge to admit or deny the allegations and therefore denies them.

68. The allegations in paragraph 68 are not addressed to Tuipulotu, and thus no response is necessary. To the extent a response is necessary, Tuipulotu lacks sufficient knowledge to admit or deny the allegations and therefore denies them.

69. The allegations in paragraph 69 are not addressed to Tuipulotu, and thus no response is necessary. To the extent a response is necessary, Tuipulotu lacks sufficient knowledge to admit or deny the allegations and therefore denies them.

70. Tuipulotu lacks sufficient knowledge to admit or deny the allegations in paragraph 70 and therefore denies them.

71. Tuipulotu lacks sufficient knowledge to admit or deny the allegations in paragraph 71 and therefore denies them.

72. Tuipulotu lacks sufficient knowledge to admit or deny the allegations in paragraph 72 and therefore denies them.

73. Tuipulotu lacks sufficient knowledge to admit or deny the allegations in paragraph 73 and therefore denies them.

74. Tuipulotu lacks sufficient knowledge to admit or deny the allegations in paragraph 74 and therefore denies them.

75. Tuipulotu lacks sufficient knowledge to admit or deny the allegations in paragraph 75 and therefore denies them.

76. Tuipulotu lacks sufficient knowledge to admit or deny the allegations in paragraph 76 and therefore denies them.

77. The allegations in paragraph 77 are addressed to the Supervisor Defendants and consist of legal conclusions to which no response is required. To the extent a response is required, Tuipulotu lacks sufficient knowledge to admit or deny the allegations and therefore denies them.

78. The allegations in paragraph 78 are not addressed to Tuipulotu and consist of legal conclusions to which no response is required. To the extent a response is required, Tuipulotu denies any allegations directed to him and lacks sufficient knowledge to admit or deny the remaining allegations and therefore denies them.

79. Tuipulotu lacks sufficient knowledge to admit or deny the allegations in paragraph 79 and therefore denies them.

80. Tuipulotu lacks sufficient knowledge to admit or deny the allegations in paragraph 80 and therefore denies them.

81. Tuipulotu lacks sufficient knowledge to admit or deny the allegations in paragraph 81 and therefore denies them.

82. Tuipulotu lacks sufficient knowledge to admit or deny the allegations in paragraph 82 and therefore denies them.

83. Tuipulotu lacks sufficient knowledge to admit or deny the allegations in paragraph 83 and therefore denies them.

84. Tuipulotu lacks sufficient knowledge to admit or deny the allegations in paragraph 84 and therefore denies them.

85. Tuipulotu lacks sufficient knowledge to admit or deny the allegations in paragraph 85 and therefore denies them.

86. Tuipulotu lacks sufficient knowledge to admit or deny the allegations in paragraph 86 and therefore denies them.

87. Tuipulotu lacks sufficient knowledge to admit or deny the allegations in paragraph 87 and therefore denies them.

88. Tuipulotu lacks sufficient knowledge to admit or deny the allegations in paragraph 88 and therefore denies them.

89. Tuipulotu lacks sufficient knowledge to admit or deny the allegations in paragraph 89 and therefore denies them.

90. Tuipulotu lacks sufficient knowledge to admit or deny the allegations in paragraph 90 and therefore denies them.

91. The allegations in paragraph 91 are not addressed to Tuipulotu, and thus no response is necessary. To the extent a response is necessary, Tuipulotu lacks sufficient knowledge to admit or deny the allegations and therefore denies them.

12

92. The allegations in paragraph 92 are not addressed to Tuipulotu, and thus no response is necessary. To the extent a response is necessary, Tuipulotu lacks sufficient knowledge to admit or deny the allegations and therefore denies them.

93. Tuipulotu lacks sufficient knowledge to admit or deny the allegations in paragraph 93 and therefore denies them.

94. Tuipulotu lacks sufficient knowledge to admit or deny the allegations in paragraph 94 and therefore denies them.

95. Tuipulotu lacks sufficient knowledge to admit or deny the allegations in paragraph 95 and therefore denies them.

96. Tuipulotu lacks sufficient knowledge to admit or deny the allegations in paragraph 96 and therefore denies them.

97. Tuipulotu lacks sufficient knowledge to admit or deny the allegations in paragraph 97 and therefore denies them.

98. Tuipulotu lacks sufficient knowledge to admit or deny the allegations in paragraph 98 and therefore denies them.

99. Tuipulotu lacks sufficient knowledge to admit or deny the allegations in paragraph 99 and therefore denies them.

100. Tuipulotu lacks sufficient knowledge to admit or deny the allegations in paragraph 100 and therefore denies them.

101. Tuipulotu lacks sufficient knowledge to admit or deny the allegations in paragraph 101 and therefore denies them.

102. Tuipulotu lacks sufficient knowledge to admit or deny the allegations in paragraph 102 and therefore denies them.

103. Tuipulotu lacks sufficient knowledge to admit or deny the allegations in paragraph 103 and therefore denies them.

104. Tuipulotu lacks sufficient knowledge to admit or deny the allegations in paragraph 104 and therefore denies them.

105. The allegations in paragraph 105 consist of legal conclusions to which no response is required. To the extent a response is required, Tuipulotu lacks sufficient knowledge to admit or deny the allegations therefore denies them.

106. Tuipulotu lacks sufficient knowledge to admit or deny the allegations in paragraph 106 and therefore denies them.

107. The statement that Plaintiffs exhausted their administrative remedies constitutes a legal conclusion to which no response is necessary. Tuipulotu lacks sufficient knowledge to admit or deny the remaining allegations in paragraph 107 and therefore denies them.

108. Paragraph 108 includes legal conclusions to which no response is necessary. Tuipulotu lacks sufficient knowledge to admit or deny the remaining allegations and therefore denies them.

109. Paragraph 109 includes legal conclusions to which no response is necessary. To the extent a response is required, Tuipulotu denies any allegations directed to him and lacks sufficient knowledge to admit or deny the remaining allegations and therefore denies them.

110. The allegations in paragraph 110 consist of legal conclusions to which no response is required. To the extent a response is required, Tuipulotu denies any allegations directed to him and lacks sufficient knowledge to admit or deny the remaining allegations and therefore denies them.

### FIRST CAUSE OF ACTION

111. Paragraph 111 consists of a legal conclusion to which no response is required.

112. Paragraph 112 consists of a legal conclusion to which no response is required.

113. The allegations in paragraph 113 are addressed to Defendant Kilpack, and thus no response is necessary. To the extent a response is necessary, Tuipulotu lacks sufficient knowledge to admit or deny the allegations and therefore denies them.

114. The allegations in paragraph 114 are addressed to Defendant Kilpack, and thus no response is necessary. To the extent a response is necessary, Tuipulotu lacks sufficient knowledge to admit or deny the allegations and therefore denies them.

115. Deny.

116. Paragraph 116 consists of a legal conclusion to which no response is required.

117. Paragraph 117 consists of a legal conclusion to which no response is required.

118. Paragraph 118 consists of a legal conclusion to which no response is required.

119. The allegations in paragraph 119 consist of legal conclusions to which no response is required. To the extent a response is required, Tuipulotu denies the allegations directed towards him and lacks sufficient knowledge to admit or deny the remaining allegations and therefore denies them.

120. The allegations in paragraph 120 consist of legal conclusions to which no response is required. To the extent a response is required, Tuipulotu denies the allegations directed towards him and lacks sufficient knowledge to admit or deny the remaining allegations and therefore denies them.

121. Paragraph 121 consists of a legal conclusion to which no response is required.

122. The allegations in paragraph 122 consist of legal conclusions to which no response is required. To the extent a response is required, Tuipulotu denies the allegations directed towards him and lacks sufficient knowledge to admit or deny the remaining allegations and therefore denies them.

## SECOND CAUSE OF ACTION

123. Paragraph 123 consists of a legal conclusion to which no response is required.

124. The allegations in paragraph 124 are addressed to the Supervisor Defendants, and thus no response is necessary. To the extent a response is necessary, Tuipulotu denies the allegations directed towards him and lacks sufficient knowledge to admit or deny the remaining allegations and therefore denies them.

125. Tuipulotu denies the allegations directed to him in paragraph 125 and lacks sufficient knowledge to admit or deny the remaining allegations and therefore denies them.

126. The allegations in paragraph 126 are addressed to the Supervisor Defendants, and thus no response is necessary. To the extent a response is necessary, Tuipulotu lacks sufficient knowledge to admit or deny the allegations and therefore denies them.

127. The allegations in paragraph 127 are addressed to the Supervisor Defendants, and thus no response is necessary. To the extent a response is necessary, Tuipulotu lacks sufficient knowledge to admit or deny the allegations and therefore denies them.

128. The allegations in paragraph 128 are addressed to the Supervisor Defendants, and thus no response is necessary. To the extent a response is necessary, Tuipulotu lacks sufficient knowledge to admit or deny the allegations and therefore denies them.

129. The allegations in paragraph 129 are addressed to the Supervisor Defendants, and thus no response is necessary. To the extent a response is necessary, Tuipulotu lacks sufficient knowledge to admit or deny the allegations and therefore denies them.

130. The allegations in paragraph 130 are addressed to the Supervisor Defendants, and thus no response is necessary. To the extent a response is necessary, Tuipulotu lacks sufficient knowledge to admit or deny the allegations and therefore denies them.

131. The allegations in paragraph 131 are addressed to the Supervisor Defendants, and thus no response is necessary. To the extent a response is necessary, Tuipulotu lacks sufficient knowledge to admit or deny the allegations and therefore denies them.

### THIRD CAUSE OF ACTION

132. Paragraph 132 consists of a legal conclusion to which no response is required.

133. Paragraph 133 consists of a legal conclusion to which no response is required.

134. Tuipulotu lacks sufficient knowledge to admit or deny the allegations in paragraph 134 and therefore denies them.

135. Tuipulotu lacks sufficient knowledge to admit or deny the allegations in paragraph 135 and therefore denies them.

136. Paragraph 136 consists of a legal conclusion to which no response is required.

137. The allegations in paragraph 137 consist of legal conclusions to which no response is required. To the extent a response is required, Tuipulotu lacks sufficient knowledge to admit or deny the allegations and therefore denies them.

138. The allegations in paragraph 138 consist of legal conclusions to which no response is required. To the extent a response is required, Tuipulotu lacks sufficient knowledge to admit or deny the allegations and therefore denies them.

139. The allegations in paragraph 139 consist of legal conclusions to which no response is required.

## FOURTH CAUSE OF ACTION

140. Paragraph 140 consists of a legal conclusion to which no response is required.

141. Tuipulotu lacks sufficient knowledge to admit or deny the allegations in paragraph 141 and therefore denies them.

142. Tuipulotu lacks sufficient knowledge to admit or deny the allegations in paragraph 142 and therefore denies them.

143. Tuipulotu lacks sufficient knowledge to admit or deny the allegations in paragraph 143 and therefore denies them.

144. Tuipulotu lacks sufficient knowledge to admit or deny the allegations in paragraph 144 and therefore denies them.

145. The allegations in paragraph 145 are addressed to the Supervisor Defendants and consist of legal conclusions to which no response is required. To the extent a response is

required, Tuipulotu lacks sufficient knowledge to admit or deny the allegations and therefore denies them.

146. The allegations in paragraph 146 consist of legal conclusions to which no response is required. To the extent a response is required, Tuipulotu lacks sufficient knowledge to admit or deny the allegations and therefore denies them.

## FIFTH CAUSE OF ACTION

147. Paragraph 147 consists of a legal conclusion to which no response is required.

148. Paragraph 148 consists of a legal conclusion to which no response is required.

149. The allegations in paragraph 149 consist of legal conclusions to which no response is required. To the extent a response is required, Tuipulotu denies the allegations directed towards him and lacks sufficient knowledge to admit or deny the remaining allegations and therefore denies them.

150. The allegations in paragraph 150 consist of legal conclusions to which no response is required. To the extent a response is required, Tuipulotu denies any allegations directed towards him and lacks sufficient knowledge to admit or deny the remaining allegations and therefore denies them.

151. The allegations in paragraph 151 consist of legal conclusions to which no response is required. To the extent a response is required, Tuipulotu denies any allegations directed towards him and lacks sufficient knowledge to admit or deny the remaining allegations and therefore denies them.

## PUNITIVE DAMAGES

152. The allegations in paragraph 152 consist of legal conclusions to which no response is required. To the extent a response is required, Tuipulotu denies any allegations directed towards him and lacks sufficient knowledge to admit or deny the remaining allegations and therefore denies them.

153. The allegations in paragraph 153 are addressed to the Supervisor Defendants and consist of legal conclusions to which no response is required. To the extent a response is required, Tuipulotu lacks sufficient knowledge to admit or deny the allegations and therefore denies them.

154. The allegations in paragraph 154 are addressed to the Supervisor Defendants and consist of legal conclusions to which no response is required. To the extent a response is required, Tuipulotu lacks sufficient knowledge to admit or deny the allegations and therefore denies them.

155. The allegations in paragraph 155 are addressed to the Supervisor Defendants and consist of legal conclusions to which no response is required. To the extent a response is required, Tuipulotu lacks sufficient knowledge to admit or deny the allegations and therefore denies them.

156. The allegations in paragraph 156 consist of legal conclusions to which no response is required. To the extent a response is required, Tuipulotu denies any allegations directed to him and lacks sufficient knowledge to admit or deny the remaining allegations and therefore denies them.

157. Tuipulotu denies that Plaintiffs are entitled to an award of punitive damages from him.

20

## PRAYER FOR RELIEF

Tuipulotu denies that Plaintiffs are entitled to any of their requested relief for the claims against him. Tuipulotu further denies each and every allegation in the Complaint not specifically admitted herein, including those in the Prayer for Relief.

## FIRST AFFIRMATIVE DEFNESE

Plaintiffs fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because they have failed to meet all the elements of the asserted causes of action.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Tuipulotu did not violate any of Plaintiffs' constitutional, statutory, or common law rights or privileges.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred under the doctrines of waiver, estoppel, and res judicata.

## FIFTH AFFIRMATIVE DEFENSE

Tuipulotu is entitled to qualified immunity on Plaintiffs' federal constitutional claims.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' state constitutional claims are barred because Tuipulotu did not commit a flagrant violation of Plaintiffs' rights.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs have not suffered injury or damage because of Tuipulotu's conduct.

## EIGHTH AFFIRMATIVE DEFENSE

Any and all injuries and damages Plaintiffs claim resulted from Plaintiffs' own actions or omissions or from the acts or omissions of third parties over whom Tuipulotu had no authority or control.

## NINTH AFFIRMATIVE DEFENSE

There is no *respondeat superior* liability or strict supervisor liability for constitutional violations or civil rights actions under 42 U.S.C. § 1983.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for mental distress damages are barred by the Prison Litigation Reform Act, 42 U.S.C § 1997(e), because they have not shown any compensable physical injury.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because they have not exhausted their administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for attorney fees are limited as set forth by the Prison Litigation Reform Act, 42 U.S.C. § 1997.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims and damages are otherwise barred in whole or in part by the Prison Litigation Reform Act.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive and/or exemplary damages for any constitutional violation is barred because Plaintiff's have not sufficiently pleaded claims for those damages.

23

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs may not recover to the extent they have failed to mitigate damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are estopped and barred from recovering any damages that are remote or speculative.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Tuipulotu reserves the right to assert other affirmative defenses as they become known.

## PRAYER

**WEREFORE,** Sione Tuipulotu prays that Plaintiffs' Complaint be dismissed with prejudice, as no cause of action, and that he be awarded his costs incurred in defending this lawsuit and for such other relief as the Court deems just.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Tuipulotu demands a jury trial in this matter on all issues triable by jury.

RESPECTFULLY SUBMITTED THIS 31st day of July, 2026.

OFFICE OF THE UTAH ATTORNEY GENERAL

*/s/ Greg Hewitt*
GREG HEWITT
SCOTT T. ALLEN
Assistant Utah Attorneys General
*Attorneys for Defendant Sione Tuipulotu*

23