Derek E. Brown
Utah Attorney General
Andrew R. Hopkins (13748)
Julie I. Valdes (8584)
Assistant Utah Attorneys General
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
Telephone: (801) 366-0100
arhopkins@agutah.gov
jvaldes@agutah.gov

*Attorneys for Defendant Spencer Kilpack*

## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF UTAH

| | |
|---|---|
| J.L. and K.S., <br><br> Plaintiff, <br><br> v. <br><br> JARED GARCIA, SHARON D'AMICO, DERICK ZORN, JARED BEERS, MATTHEW COOMBS, CASEY GEHMAN, DAVID HARDY, SPENCER KILPACK, SIONE TUIPULOTU, AND JOHNS DOES 1-10 <br><br> Defendants. | **DEFENDANT SPENCER KILPACK'S ANSWER** <br><br> Case No. 2:26-cv-00404-CMR <br><br> Magistrate Judge Cecilia M. Romero |

Defendant Spencer Kilpack, by and through counsel, answers Plaintiffs' Complaint as follows:

1

## INTRODUCTION

1-6.    Defendant Kilpack is not required to respond to the introductory allegations made in paragraphs 1-6 of the Complaint. To the extent a response is required, Defendant Kilpack denies the allegations.

## JURISDICTION

7.    Defendant Kilpack admits that the claims raised against him arise from the Constitutions of the United States and the State of Utah.

8.    Defendant Kilpack admits the allegation made in paragraph 8 of the Complaint.

9.    The allegations made in paragraph 9 of the Complaint call for a legal conclusion for which no response is required. To the extent a response is required, Defendant Kilpack denies the allegations.

10.    The allegations made in paragraph 10 of the Complaint call for a legal conclusion for which no response is required. To the extent a response is required, Defendant Kilpack denies the allegations.

11.    Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 11 of the Complaint therefore those allegations are denied.

## PARTIES

12.    Defendant Kilpack admits the allegations made in paragraph 12 of the Complaint.

13.    Defendant Kilpack admits the allegations made in paragraph 13 of the Complaint.

14.    Defendant Kilpack admits the allegations made in paragraph 14 of the Complaint that Jared Garcia was at all material times a resident of Utah the Executive Director of UDC and responsible for its overall operation. The remainder of the allegations in paragraph 14 either call

2

for a legal conclusion or Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations and therefore denies the allegations.

15.     Defendant Kilpack admits the allegations made in paragraph 15 of the Complaint that Sharon D'Amico was at all material times resident of Utah and the Warden of USCF responsible for safety of inmates, training and supervision of staff, security protocols, staffing deployments and overall day-to-day operations. Defendant Kilpack lacks sufficient knowledge to admit or deny the remainder of the allegation made in paragraph 15 of the Complaint and therefore denies the allegations.

16.     Defendant Kilpack admits the allegations made in paragraph 16 of the Complaint that Derick Zorn was at all material times resident of Utah and the Deputy Warden of USCF responsible for safety of inmates, training and supervision of staff, security protocols, staffing deployments and overall day-to-day operations. Defendant Kilpack lacks sufficient knowledge to admit or deny the remainder of the allegation made in paragraph 16 of the Complaint and therefore denies the allegations.

17.     Defendant Kilpack admits the allegation made in paragraph 17 that Captain Jared Beers held a supervisory role. Defendant Kilpack lacks sufficient knowledge to admit or deny the remainder of the allegation made in paragraph 17 of the Complaint and therefore denies the allegations.

18.     Defendant Kilpack admits the allegations made in paragraph 18 of the Complaint that Lieutenants Matthew Coombs and Casey Graham, and Sergeant David Hardy are residents of Utah and were supervisory officers at USCF. Defendant Kilpack lacks sufficient knowledge to

admit or deny the remainder of the allegation made in paragraph 18 of the Complaint and therefore denies the allegations.

19.    Defendant Kilpack admits the allegation made in paragraph 19 that he was a correctional officer at USCF. Defendant Kilpack denies the remainder of the allegations made in paragraph 19 of the Complaint.

20.    Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 20 of the Complaint and therefore denies the allegations.

21.    Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 21 of the Complaint and therefore denies the allegations.

## FACTUAL ALLEGATIONS

22.    Defendant Kilpack admits the allegations made in paragraph 22 of the complaint that USCF was opened in July 2022. Defendant Kilpack lacks sufficient knowledge to admit or deny the remainder of the allegation made in paragraph 22 of the Complaint and therefore denies the allegations.

23.    Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 23 of the Complaint and therefore denies the allegations.

24.    Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 24 of the Complaint and therefore denies the allegations.

25.    Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 25 of the Complaint and therefore denies the allegations.

26.    Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 26 of the Complaint and therefore denies the allegations.

27.    Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 27 of the Complaint and therefore denies the allegations.

28.    Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 28 of the Complaint and therefore denies the allegations.

29.    Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 29 of the Complaint and therefore denies the allegations.

30.    Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 30 of the Complaint and therefore denies the allegations.

31.    Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 31 of the Complaint and therefore denies the allegations.

32.    Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 32 of the Complaint and therefore denies the allegations.

33.    Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 33 of the Complaint and therefore denies the allegations.

34.    Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 34 of the Complaint and therefore denies the allegations.

35.    The allegations made in paragraph 35 of the Complaint call for a legal conclusion for which no response is required. To the extent a response is required, Defendant Kilpack denies the allegations.

36.    The allegations made in paragraph 36 of the Complaint call for a legal conclusion for which no response is required. To the extent a response is required, Defendant Kilpack denies the allegations.

37.     The allegations made in paragraph 37 of the Complaint call for a legal conclusion for which no response is required. To the extent a response is required, Defendant Kilpack denies the allegations.

38.     The allegations made in paragraph 38 of the Complaint call for a legal conclusion for which no response is required. To the extent a response is required, Defendant Kilpack denies the allegations.

39.     Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 39 of the Complaint and therefore denies the allegations.

40.     Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 40 of the Complaint and therefore denies the allegations.

41.     Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 41 of the Complaint that "guards openly and brazenly taunt inmates and dismiss their concerns of sexual safety and privacy rights, telling them that 'we don't have to follow PREA,'" and therefore denies the allegations. The remainder of the allegations call for a legal conclusion for which no response is required. To the extent a response is required, Defendant Kilpack denies the allegations.

**The Assaults by Defendant Kilpack**

42.     Defendant Kilpack invokes his Fifth Amendment right against self-incrimination and declines to respond to the allegations made in paragraph 42 of the Complaint.

43.     Defendant Kilpack invokes his Fifth Amendment right against self-incrimination and declines to respond to the allegations made in paragraph 43 of the Complaint.

6

44.    Defendant Kilpack invokes his Fifth Amendment right against self-incrimination and declines to respond to the allegations made in paragraph 44 of the Complaint.

45.    Defendant Kilpack invokes his Fifth Amendment right against self-incrimination and declines to respond to the allegations made in paragraph 45 of the Complaint.

46.    Defendant Kilpack invokes his Fifth Amendment right against self-incrimination and declines to respond to the allegations made in paragraph 46 of the Complaint.

**The assaults by Defendant Tuipulotu**

47.    Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 47 of the Complaint therefore those allegations are denied.

48.    Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 48 of the Complaint therefore those allegations are denied.

49.    Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 49 of the Complaint therefore those allegations are denied.

50.    Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 50 of the Complaint therefore those allegations are denied.

51.    Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 51 of the Complaint therefore those allegations are denied.

52.    Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 52 of the Complaint therefore those allegations are denied.

53.    Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 53 of the Complaint therefore those allegations are denied.

54.     Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 54 of the Complaint therefore those allegations are denied.

55.     Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 55 of the Complaint therefore those allegations are denied.

56.     Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 56 of the Complaint therefore those allegations are denied.

**The reporting and knowledge of Abuses committed by Kilpack and Tuipulotu**

57.     Defendant Kilpack invokes his Fifth Amendment right against self-incrimination and declines to respond to the allegations made in paragraph 57 of the Complaint.

58.     Defendant Kilpack invokes his Fifth Amendment right against self-incrimination and declines to respond to the allegations made in paragraph 58 of the Complaint.

59.     Defendant Kilpack invokes his Fifth Amendment right against self-incrimination and declines to respond to the allegations made in paragraph 59 of the Complaint.

60.     The allegations made in paragraph 60 of the Complaint call for a legal conclusion for which no response is required. To the extent a response is required, Defendant Kilpack denies the allegations.

61.     Defendant Kilpack invokes his Fifth Amendment right against self-incrimination and declines to respond to the allegations made in paragraph 61 of the Complaint.

62.     Defendant Kilpack invokes his Fifth Amendment right against self-incrimination and declines to respond to the allegations made in paragraph 62 of the Complaint.

63.     Defendant Kilpack invokes his Fifth Amendment right against self-incrimination and declines to respond to the allegations made in paragraph 63 of the Complaint.

64.    Defendant Kilpack invokes his Fifth Amendment right against self-incrimination and declines to respond to the allegations made in paragraph 64 of the Complaint.

65.    Defendant Kilpack invokes his Fifth Amendment right against self-incrimination and declines to respond to the allegations made in paragraph 65 of the Complaint.

66.    Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 66 of the Complaint therefore those allegations are denied.

67.    Defendant Kilpack invokes his Fifth Amendment right against self-incrimination and declines to respond to the allegations made in paragraph 67 of the Complaint.

68.    Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 68 of the Complaint regarding what was reported to supervisors therefore those allegations are denied. The remainder of the allegations call for a legal conclusion for which no response is required.

**Defendants' retaliatory response to the reporting of sexual assaults**

69.    Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 69 of the Complaint therefore those allegations are denied.

70.    Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 70 of the Complaint therefore those allegations are denied.

71.    Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 71 of the Complaint therefore those allegations are denied.

72.    Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 72 of the Complaint therefore those allegations are denied.

73. Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 73 of the Complaint therefore those allegations are denied.

74. Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 74 of the Complaint therefore those allegations are denied.

75. Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 75 of the Complaint therefore those allegations are denied.

76. Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 76 of the Complaint therefore those allegations are denied.

77. The allegations made in paragraph 77 call for a legal conclusion for which no response is required. To the extent a response is required, those allegations are denied. Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in subparagraphs a-e, therefore those allegations are denied.

78. Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 78 of the Complaint therefore those allegations are denied.

**The mass cross-gender strip search**

79. Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 79 of the Complaint therefore those allegations are denied.

80. Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 80 of the Complaint therefore those allegations are denied.

81. Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 81 of the Complaint therefore those allegations are denied.

82.     Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 82 of the Complaint therefore those allegations are denied.

83.     Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 83 of the Complaint therefore those allegations are denied.

84.     Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 84 of the Complaint therefore those allegations are denied.

85.     Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 85 of the Complaint therefore those allegations are denied.

86.     Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 86 of the Complaint therefore those allegations are denied.

87.     Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 87 of the Complaint therefore those allegations are denied.

88.     Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 88 of the Complaint therefore those allegations are denied.

89.     Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 89 of the Complaint therefore those allegations are denied.

90.     Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 90 of the Complaint therefore those allegations are denied.

91.     Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 91 of the Complaint therefore those allegations are denied.

92.     Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 92 of the Complaint therefore those allegations are denied.

93.    Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 93 of the Complaint therefore those allegations are denied.

94.    Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 94 of the Complaint therefore those allegations are denied.

95.    Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 95 of the Complaint therefore those allegations are denied.

96.    Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 96 of the Complaint therefore those allegations are denied.

97.    Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 97 of the Complaint therefore those allegations are denied.

98.    Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 98 of the Complaint therefore those allegations are denied.

99.    Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 99 of the Complaint therefore those allegations are denied.

100.    Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 100 of the Complaint therefore those allegations are denied.

101.    Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 101 of the Complaint therefore those allegations are denied.

102.    Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 102 of the Complaint therefore those allegations are denied.

103.    Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 103 of the Complaint therefore those allegations are denied.

104.    Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 104 of the Complaint therefore those allegations are denied.

105.    Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 105 of the Complaint therefore those allegations are denied.

**Exhaustion of administrative remedies**

106.    Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 106 of the Complaint therefore those allegations are denied.

107.    Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 107 of the Complaint therefore those allegations are denied.

108.    Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 108 of the Complaint that prison officials rejected J.L.'s grievances, therefore those allegations are denied. The remainder of the allegations call for a legal conclusion for which no response is required. To the extent a response is required, Defendant Kilpack denies the allegations.

109.    Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 109 of the Complaint therefore those allegations are denied.

110.    The allegations made in paragraph 110 of the Complaint call for a legal conclusion for which no response is required. To the extent a response is required, Defendant Kilpack denies the allegations.

**FIRST CAUSE OF ACTION**

42 U.S.C § 1983-Eighth Amendment to United States Constitution-Sexual Assault
(Against Defendants Kilpack and Tuipulotu)

13

111.    The allegations made in paragraph 111 of the Complaint call for a legal conclusion for which no response is required.

112.    The allegations made in paragraph 112 of the Complaint call for a legal conclusion for which no response is required.

113.    Defendant Kilpack invokes his Fifth Amendment right against self-incrimination and declines to respond to the allegations made in paragraph 113 of the Complaint.

114.    Defendant Kilpack invokes his Fifth Amendment right against self-incrimination and declines to respond to the allegations made in paragraph 114 of the Complaint.

115.    Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 115 of the Complaint therefore those allegations are denied.

116.    The allegation made in paragraph 116 of the Complaint call for a legal conclusion for which no response is required.

117.    The allegation made in paragraph 117 of the Complaint call for a legal conclusion for which no response is required.

118.    The allegation made in paragraph 118 of the Complaint call for a legal conclusion for which no response is required.

119.    The allegations made in paragraph 119 of the Complaint call for a legal conclusion for which no response is required.

120.    Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations made in paragraph 120 as they relate to Defendant Tuipulotu and therefore denies the allegation. Defendant Kilpack invokes his Fifth Amendment right against self-incrimination and declines to respond to the allegations related to him made in paragraph 120 of the Complaint.

14

121.    The allegations made in paragraph 121 of the Complaint call for a legal conclusion for which no response is required.

122.    Defendant Kilpack lacks sufficient knowledge to admit or deny the allegations in paragraph 122 of the Complaint therefore those allegations are denied.

## SECOND CAUSE OF ACTION

42 U.S.C. 1983-Eighth Amendment to the United States Constitution-
Failure to Protect Against Sexual Assault
(Against Defendant Garcia, D'Amico, Zorn, Beers, Coombs, Gehman, and Hardy)

123-131.        Plaintiffs' second cause of action is not directed at Defendant Kilpack; therefore, no response is required to the allegations therein. To the extent a response is required, Defendant Kilpack denies the allegations.

## THIRD CAUSE OF ACTION

42 U.S.C. 1983-Fourth Amendment to the United States Constitution-
Unreasonable Search and Seizure
(Against Defendant Garcia, D'Amico, Zorn, Beers, Coombs, Gehman, Hardy, involved John
Doe Officers)

132-139.        Plaintiffs' third cause of action is not directed at Defendant Kilpack; therefore, no response is required to the allegation therein. To the extent a response is required, Defendant Kilpack denies the allegations.

## FOURTH CAUSE OF ACTION

42 U.S.C. 1983-Fourteeth Amendment to the United States Constitution-
Procedural Due Process
(Against Defendant Garcia, D'Amico, Zorn, Beers, Coombs, Gehman, Hardy, involved John
Doe Officers)

140-146.    Plaintiffs' Fourth cause of action is not directed at Defendant Kilpack; therefore, no response is required to the allegation therein. To the extent a response is required, Defendant Kilpack denies the allegations.

## FIFTH CAUSE OF ACTION

Utah Constitution Article I, Section 9-Unecessary Rigor
(All Defendants)

147.    The allegation made in paragraph 147 of the Complaint calls for a legal conclusion for which no response is required.

148.    The allegation made in paragraph 148 of the Complaint calls for a legal conclusion for which no response is required.

149.    The allegation made in paragraph 149 of the Complaint calls for a legal conclusion for which no response is required.

150.    The allegation made in paragraph 150 of the Complaint calls for a legal conclusion for which no response is required.

151.    Defendant Kilpack denies for lack of knowledge the allegations made in paragraph 151 of the Complaint.

## PUNITIVE DAMAGES

Deny for lack of knowledge that Plaintiffs are entitled to any punitive damages from Defendant Kilpack.

## PRAYER FOR RELIEF

Deny for lack of knowledge that Plaintiffs are entitled to any relief from Defendant Kilpack.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Defendant Kilpack denies each and every allegation contained in the Complaint which is not specifically admitted or declined to be responded to herein.

## THIRD DEFENSE

Defendant Kilpack entitled to the defense of qualified immunity in that his actions were not contrary to clearly established law and a reasonable person would not have known that such conduct was unconstitutional at the time.

## FOURTH DEFENSE

Plaintiffs have failed to allege a sufficient basis for punitive damages or to allege willful and evil motives necessary to support an award of punitive damages. In addition, Plaintiffs' claims for special and/or punitive damages are unconstitutional as a violation of the Fourteenth Amendment of the United States Constitution.

## FIFTH DEFENSE

Plaintiffs' claims for damages are speculative, conclusory, and not supported by sufficient factual allegations and as such should be dismissed.

## FIFTH DEFENSE

Under either Utah State law or federal common law, if liability is found against Defendant Kilpack, he is entitled to an offset of damages from any funds Plaintiffs receive from third parties for the same, substantially similar, related claims. Kilpack is also entitled to a determination of the relative fault of his conduct's contribution to Plaintiffs' alleged injuries.

17

## SIXTH DEFENSE

Plaintiffs' claims, in whole or in part, are subject to Prison Litigation Reform Act (PLRA) 42 U.S.C. § 1997e(a), and are subject to dismissal to the extent Plaintiffs failed to exhaust available administrative remedies before filing this action.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Kilpack demands a trial by jury of all issues in this action triable of right by a jury.

RESPECTFULLY SUBMITTED THIS 31st day of July, 2026.

OFFICE OF THE UTAH ATTORNEY GENERAL

*/s/ Andrew R. Hopkins*
ANDREW R. HOPKINS
JULIE I. VALDES
Assistant Utah Attorneys General
*Attorney for Defendant Spencer Kilpack*

18