DEREK BROWN
Utah Attorney General
VANESSA R. WALSH (16180)
JUSTIN P. ANDERSON (15526)
Assistant Utah Attorneys General
160 East 300 South, 6th Floor
PO Box 140856
Salt Lake City, UT 84114-0856
Telephone: (801) 366-0100
*vwalsh@agutah.gov*
*justinpanderson@agutah.gov*

*Attorneys for Defendants D'Amico, Beers, Coombs, Garcia, Gehman, Hardy and Zorn*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| J.L. and K.S.,<br><br>Plaintiffs,<br><br>v.<br><br>Jared Garcia, et al.,<br><br>Defendants. | **MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY**<br><br>Case No. 2:26-cv-00404<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Cecilia M. Romero |

Defendants Sharon D'Amico, Jared Beers, Matthew Coombs, Jared Garcia, Casey Gehman, David Hardy, and Derrick Zorn (collectively "Supervisor Defendants") through undersigned counsel move the Court for a protective order excusing them from complying with the Court's Order to Propose Schedule [ECF 10] and issue a stay until the Court rules on their Motion to Dismiss.

## INTRODUCTION AND REQUESTED RELIEF

Plaintiffs filed a Complaint on May 5, 2026 (ECF 6). That Complaint includes five causes of action. The first cause of action alleges sexual assault against defendants Kilpack and Tuipulotu. The remaining causes of action are against the Supervisor Defendants. They include an Eighth Amendment failure to protect, a Fourth and Fourteenth Amendment claim alleging unreasonable search and seizure, a Fourteenth Amendment due process claim, and a vague catch-all claim for unnecessary rigor under the Utah Constitution.

In response to the Complaint, defendants Kilpack and Tuipulotu filed answers (ECF 49, 50) and the Supervisor Defendants filed a Motion to Dismiss (ECF 51). That Motion asserted the defense of qualified immunity. The Plaintiffs have not yet opposed that Motion and have asked for a 60 day extension. Because qualified immunity is protection from the burdens of discovery, the Supervisor Defendants move for a protective order excusing them from complying with the Court's Order to Propose Schedule and issue a stay until such time the Court rules on their Motion.

## LEGAL STANDARD

"As a general rule, discovery rulings are within the broad discretion of the trial court," *Cole v. Ruidoso Mun. Sch*., 43 F.3d 1373, 1386 (10th Cir. 1994), and "will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances," *Id.* (internal quotation marks omitted).

## ARGUMENT

The Supreme Court established the foundational principle that qualified immunity protects government officials not only from liability but also from the ordinary burdens of litigation, including discovery. In *Harlow v. Fitzgerald*, 457 U.S. 800 (1982), the Court

emphasized that pretrial matters such as discovery are to be avoided if possible, as inquiries into officials' subjective intent can be peculiarly disruptive of effective government. *Id.* at 817. The Court stated: "Until this threshold immunity question is resolved, discovery should not be allowed." *Id.* at 818. This rule was reinforced in *Mitchell v. Forsyth*, 472 U.S. 511 (1985) when the Court held that qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." *Id.* at 526. The privilege "is an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Id.* Accordingly, qualified immunity questions should be resolved at the earliest possible stage in litigation. *Saucier v. Katz,* 533 U.S. 194, 201 (2001).

The Tenth Circuit applied these principles in *Workman v. Jordan*, 958 F.2d 332 (10th Cir. 1992), which addressed appellate jurisdiction over orders postponing decisions on qualified immunity motions. In discussing existing qualified immunity doctrine from Supreme Court precedent, the court reiterated that qualified immunity is not only a defense to liability but also an entitlement to immunity from suit and other demands of litigation, including far-ranging discovery. *Id.* at 335. The court stated that discovery should not be allowed until the court resolves the threshold question whether the law was clearly established at the time of the allegedly unlawful action, and that this question is purely legal. *Id.* at 336.

The Tenth Circuit reaffirmed this principle in *Stonecipher v. Valles*, 759 F.3d 1134 (10th Cir. 2014) holding that because qualified immunity protects against the burdens of discovery as well as trial, a district court may stay discovery upon the filing of a dispositive motion based on qualified immunity. *Id.* at 1148. The court further held that even such pretrial matters as discovery are to be avoided if possible. *Id.* at 1149 (quoting *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985)). *See also* *Thompson v. Lengerich*, No. 22-1128, 2023 WL 2028961, at *4 (10th Cir.

Feb. 16, 2023) (no abuse of discretion when the district court stayed discovery upon the filing of a dispositive motion based on qualified immunity).

The Supervisor Defendants moved to dismiss the claims against them and raised the affirmative defense of qualified immunity. That motion is still in the briefing stage. The Supervisor Defendants should not be required to endure discovery that will consume significant resources over the course of at least a year while the Court considers the Motion.[1] The Court can decide whether the rights at issue were clearly established based on the allegations in the Complaint.

## CONCLUSION

Because qualified immunity is a protection from the burdens of discovery not just from liability, the Supervisor Defendants are entitled to that protection until the Court issues a ruling on their Motion.

RESPECTFULLY SUBMITTED this 20th day of August 2026.

OFFICE OF THE UTAH ATTORNEY GENERAL

*/s/ Vanessa R. Walsh*
VANESSA R. WALSH
JUSTIN P. ANDERSON
Assistant Utah Attorneys General
*Attorneys for Defendants D'Amico, Beers, Coombs, Garcia, Gehman, Hardy and Zorn*

---

[1] While defendants Kilpack and Tuipulotu are not parties to this Motion, judicial economy favors a stay for all parties. Claims one and two arise from a common core of operative facts. If the case is not stayed in its entirety, the Supervisor Defendants would necessarily have to participate in any discovery aimed at the two answering defendants to avoid prejudice. Allowing bifurcated discovery makes it difficult, if not impossible, to distinguish between discovery related to immune claims and non-immune claims and effectively circumvents the protection qualified immunity is designed to provide.