Walter M. Mason (Utah State Bar No. 16891)
DEWSNUP KING OLSEN WOREL HAVAS
201 South Main Street, Suite 1200
Salt Lake City, Utah 84111
Telephone: (801) 533-0400
wmason@dkow.com

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| J.L. and K.S.,<br>Plaintiffs,<br>v.<br><br>JARED GARCIA, SHARON D'AMICO, DERICK ZORN, JARED BEERS, MATTHEW COOMBS, CASEY GEHMAN, DAVID HARDY, SPENCER KILPACK, SIONE TUIPULOTU, and JOHN DOES 1-10<br>Defendants | **PLAINTIFFS' MEMORANDUM IN OPPOSITION TO THE MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY**<br><br>Case No.: 2:26-cv-00404<br>Judge Ann Marie McIff Allen<br>Chief Magistrate Judge Cecilia M. Romero |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........ iii

INTRODUCTION AND RELIEF SOUGHT ........ 1

PROCEDURAL AND BACKGROUND FACTS ........ 2

LEGAL STANDARD ........ 2

I. The Requested Stay Is Committed to the Court's Discretion and Is Not Compelled by the Movants' Authorities. ........ 3

II. Qualified Immunity Provides No Basis to Stay Discovery That Will Proceed Regardless of the Determination of the Qualified Immunity Defense. ........ 4

A. The "Burdens" of Discovery Are Unchanged by the Qualified Immunity Analysis Because There Is a Common Core of Operative Facts Shared With Claims That Are Not Subject to Qualified Immunity ........ 5

B. The Common Core of Operative Facts Weighs Against, Not For, a Blanket Stay ........ 5

C. Qualified Immunity Does Not Reach the Utah Constitutional Claim Asserted Against All Defendants. ........ 6

III. The Movants Have Not Carried Their Rule 26(c) Burden, and the Equities Favor Proceeding ........ 7

CONCLUSION ........ 9

## TABLE OF AUTHORITIES

**Cases**

*Cruz v. City of Deming*,
687 F. Supp. 3d 1155 (D.N.M. 2023) .................................................................... 3, 4, 6, 7

*Maxey by Maxey v. Fulton*,
890 F.2d 279 (10th Cir. 1989) ........................................................................................ 3, 4

*McGinn v. El Paso Cnty., Colorado*,
640 F. Supp. 3d 1070 (D. Colo. 2022)............................................................... 5, 6, 7, 8, 9

*Pia v. Supernova Media, Inc.*,
275 F.R.D. 559 (D. Utah 2011) ..................................................................................... 3, 7

*Rael v. McKinley Cnty. Bd. of Cnty. Commissioners, No. 122CV00703MISJFR*,
2023 WL 7701921 (D.N.M. Nov. 15, 2023) ................................................................ 6, 7

*Stonecipher v. Valles*,
759 F.3d 1134 (10th Cir. 2014) ..................................................................................... 3, 4

## INTRODUCTION AND RELIEF SOUGHT

Plaintiffs J.L. and K.S. respectfully request that the Court deny the Motion for Protective Order to Stay Discovery.

Plaintiffs allege that correctional officers at the Utah State Correctional Facility sexually assaulted them repeatedly over a period of months and that prison supervisors exhibited deliberate indifference in creating the conditions permitting the abuse. Plaintiffs also challenge a mass strip search involving numerous male officers unnecessarily viewing nude women, which was permitted and directly observed by the Supervisor Defendants. The seven Supervisor Defendants now ask this Court to freeze the entire case, staying all discovery and excusing themselves from the Court's scheduling order until their motion to dismiss on qualified immunity is decided. The Court should deny that request and permit discovery to proceed.

The motion treats a discretionary tool as a command. Qualified immunity can justify staying discovery in an appropriate case, but no rule requires it, and the Tenth Circuit has never held that a qualified-immunity motion compels a global stay. The decision rests in this Court's sound discretion, and the circumstances here weigh firmly against a stay.

Foremost among those circumstances is that a stay would accomplish nothing. Two of the individual defendants, Officers Kilpack and Tuipulotu, answered the Complaint, asserted no immunity, and are not parties to this motion, so discovery into the events at the prison will proceed regardless. The Supervisor Defendants concede as much, acknowledging that unless the entire case is stayed, they would have to participate in the discovery directed at the answering officers. Even a global stay would not spare them the burdens of discovery because substantially

the same discovery would proceed even after qualified immunity were granted; thus, a stay would only delay Plaintiffs, with the prejudice of loss of evidence and faded memories.

**PROCEDURAL AND BACKGROUND FACTS**

The Complaint pleads five causes of action. (ECF 6, Compl.) The first alleges sexual assault committed by Defendants Kilpack and Tuipulotu. The Second Cause of Action alleges fault to the Supervisor Defendants for their failure to protect against sexual assaults committed by guards against inmates. The Fifth Cause of Action, for unnecessary rigor under Article I, Section 9 of the Utah Constitution, is asserted against all Defendants.

The Defendants responded to the Complaint in two different ways. Defendants Kilpack and Tuipulotu answered (ECF 49 and 50). The Supervisor Defendants moved to dismiss the claims against them and raised the affirmative defense of qualified immunity. (ECF 51). The Supervisor Defendants then moved for a protective order (ECF 53) to stay all discovery and to excuse them from the Court's Order to Propose Schedule until the Court rules on their motion to dismiss. In support, they represent that Claims One and Two (sexual assault by the guards and supervisors' failure to protect against such sexual assaults, respectively) arise from a common core of operative facts and that, absent a stay of the entire case, they "would necessarily have to participate in any discovery aimed at the two answering defendants to avoid prejudice." (ECF 53, at 4). The Supervisor Defendants further assert that the anticipated discovery would "consume significant resources over the course of at least a year[.]" (ECF 53, at 4).

**LEGAL STANDARD**

A stay of discovery pending a qualified-immunity motion is committed to the district court's discretion. The Tenth Circuit holds that a court "may stay discovery upon the filing of a

dispositive motion based on qualified immunity." *Stonecipher v. Valles*, 759 F.3d 1134, 1148 (10th Cir. 2014). Because such a stay is not mandatory, district courts applying that standard have recognized that the decision "remains within the sound discretion of the district court." *Cruz v. City of Deming*, 687 F. Supp. 3d 1155, 1161 (D.N.M. 2023).

Qualified immunity is not a categorical bar to discovery; it shields officials "only from discovery which is either avoidable or overly broad." *Maxey by Maxey v. Fulton*, 890 F.2d 279, 282 (10th Cir. 1989) (quoting *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. 1987)).

A stay is implemented through a protective order under Federal Rule of Civil Procedure 26(c), and the party seeking that order bears the burden of demonstrating good cause. *Pia v. Supernova Media, Inc.*, 275 F.R.D. 559, 560 (D. Utah 2011). Good cause requires that the moving party "must present concrete reasons justifying a protective order and not rest on unverified fears." *Id.*

## ARGUMENT

### I. The Requested Stay Is Committed to the Court's Discretion and Is Not Compelled by the Movants' Authorities.

The Supervisor Defendants' motion rests on a premise the governing law does not support: that a pending qualified-immunity motion compels a stay of all discovery. Whether to stay discovery is instead committed to this Court's sound discretion. No decision the Supervisor Defendants cite requires the Court to halt this litigation, and—as discussed in the sections below—the considerations that govern this discretion all point to permitting discovery.

In *Cruz v. City of Deming*, the court confronted the very argument the Supervisor Defendants advance and held that "binding precedent does not mandate that a district court stay

all discovery as to all defendants merely because at least one defendant invokes qualified immunity." *Cruz v. City of Deming*, 687 F. Supp. 3d at 1161 (emphasis omitted). The issuance of a stay instead "remains within the sound discretion of the district court." *Id.* As the *Cruz* court observed, a multitude of district court decisions and legal scholarship have concluded that Supreme Court jurisprudence as to qualified immunity "never purported to alter long-standing precedent that provides district courts considerable discretion in controlling the scope, timing, and methodology of discovery so as to mandate a global stay of discovery." *Id.* at 1167.

The Supervisor Defendants' authority establishes only that a stay is not an abuse of discretion in certain circumstances, not that one is required. Their lead case, *Stonecipher*, states that a court "may stay discovery" on a qualified-immunity motion. *Stonecipher v. Valles*, 759 F.3d at 1148. A holding that a stay is permitted is not a holding that a stay is compelled. The Supervisor Defendants cite no decision holding that a district court errs by allowing discovery to continue.

## II. Qualified Immunity Provides No Basis to Stay Discovery That Will Proceed Regardless of the Determination of the Qualified Immunity Defense.

Even if the Court were generally inclined to entertain a stay in light of qualified immunity, qualified immunity supplies no basis for a stay on this record. The immunity's justification is to spare officials the burdens of discovery, yet those burdens will be incurred no matter how the Court rules on the qualified immunity defense. Qualified immunity is not a categorical bar to discovery; it shields officials "only from discovery which is either avoidable or overly broad." *Maxey by Maxey v. Fulton*, 890 F.2d 279, 282 (10th Cir. 1989) (quoting *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. 1987)).

### A. The "Burdens" of Discovery Are Unchanged by the Qualified Immunity Analysis Because There Is a Common Core of Operative Facts Shared With Claims That Are Not Subject to Qualified Immunity.

Two of the individual defendants stand outside the immunity the Supervisor Defendants assert. Defendants Kilpack and Tuipulotu answered the Complaint and filed no qualified-immunity motion. Accordingly, the determination of qualified immunity has no effect on discovery as to the claims against Defendants Kilpack and Tuipulotu.

The Supervisor Defendants' own submission requires denial of their motion. They represent that the claims against Defendants Kilpack and Tuipulotu, as well as the claims against the Supervisor Defendants, **"arise from a common core of operative facts,"** and that **"[i]f the case is not stayed in its entirety, the Supervisor Defendants would necessarily have to participate in any discovery aimed at the two answering defendants to avoid prejudice."** (ECF 53, at 4 (emphasis added)). That representation is fatal to their premise. <u>If they must participate in the answering defendants' discovery regardless of the qualified immunity defense, a stay of the discovery directed at them spares them nothing</u>; it merely defers the inevitable while prejudicially delaying Plaintiffs.

### B. The Common Core of Operative Facts Weighs Against, Not For, a Blanket Stay.

Courts confronting this precise dynamic decline to stay. In *McGinn v. El Paso County*, the court held that where immune and non-immune claims **"arise out of a common core of operative facts,"** "even if the Court issued a blanket stay and the individual § 1983 claims were eventually dismissed by the Court on qualified immunity grounds, substantially similar discovery still may have to take place." 640 F. Supp. 3d 1070, 1075 (D. Colo. 2022) (emphasis added). The court added that even a partial stay limited to the § 1983 claims would fail, because the common

core "would still necessitate the involvement of the Individual County Defendants in discovery—undercutting part of the rationale for a stay in the first place." *Id.* That is exactly the situation the Supervisor Defendants describe. (ECF 53, at 4).

The Supervisor Defendants invoke the common core of operative facts to justify staying the entire case, but the case law draws the opposite inference from that same premise. A common core of operative facts is a recognized factor in the stay analysis, and it counts against a stay. The *Cruz* court identified, among the governing factors, "whether the official's qualified immunity defense would be dispositive of all the claims" and "whether the other claims arise out of a common core of operative facts." 687 F. Supp. 3d at 1170.

When immune and non-immune claims arise from the same events, staying the immune claims conserves nothing, because the same facts must be developed on the claims that remain. The *McGinn* court denied a stay on exactly this ground. 640 F. Supp. 3d at 1075.

**C. Qualified Immunity Does Not Reach the Utah Constitutional Claim Asserted Against All Defendants.**

The Supervisor Defendants' motion for protective order rests entirely on the federal defense of qualified immunity, but the Complaint includes a state law claim not governed by qualified immunity. The Fifth Cause of Action, for unnecessary rigor under Article I, Section 9 of the Utah Constitution, is asserted against all Defendants. (Compl. at 32).

Because the qualified immunity defense does not reach the state-law claim, it provides no ground to stay discovery relevant to that claim. The court in *Rael v. McKinley County* held precisely that, reasoning that because qualified immunity is available only for individual-capacity Section 1983 damages claims, "a stay of discovery as to Plaintiffs' state law claims is improper." 2023 WL 7701921, No. 1:22-cv-00703, at *4 (D.N.M. Nov. 15, 2023) (unpublished)

(citing *Cruz v. City of Deming*, 687 F. Supp. 3d 1155 (D.N.M. 2023); *Estate of Saene v. Bitterman*, 2020 WL 6870565, No. 20-CV-00848, at *2 (D. Colo. May 15, 2020) (unpuplished) (finding that an individual defendant asserting qualified immunity defense was not entitled to stay of discovery as to the plaintiff's state law tort claims)).

The presence of a live state-law claim also defeats a global stay under the *Cruz* framework, which asks "whether the official's qualified immunity defense would be dispositive of all the claims in the proceeding." *Cruz v. City of Deming*, 687 F. Supp. 3d at 1170.

## III. The Movants Have Not Carried Their Rule 26(c) Burden, and the Equities Favor Proceeding.

A stay of discovery is a protective order, and the party seeking it bears the burden Rule 26(c) imposes. The movant has the burden to show good cause, which requires that the moving party "must present concrete reasons justifying a protective order and not rest on unverified fears." *Pia v. Supernova Media, Inc.*, 275 F.R.D. 559, 560 (D. Utah 2011). The Supervisor Defendants make no such showing. Their sole stated burden is that they "should not be required to endure discovery that will consume significant resources over the course of at least a year[.]" (ECF 53, at 4). This does not carry their burden, especially because the Supervisor Defendants would be subject to the same burdens of discovery regardless of the qualified immunity determination, as described above.

Because the decision is discretionary, courts weigh the plaintiff's interest in proceeding, the burden on the defendant, the court's docket, the interests of non-parties, and the public interest before staying discovery. *McGinn v. El Paso Cnty., Colorado*, 640 F. Supp. 3d at 1077; *see also Cruz v. City of Deming*, 687 F. Supp. 3d at 1169–79. The *McGinn* court applied those

factors and denied a stay, concluding that the defendants' qualified immunity argument did not warrant a stay of discovery. Similarly, each consideration here favors allowing discovery.

Plaintiffs' interest in prompt discovery is substantial. The claims turn on events that will be proved in significant part through testimony, and delay threatens that proof. In *McGinn*, the court credited the plaintiff's interest where the allegations "appear heavily reliant on witness testimony" and the case concerned events years old, such that "the memories of parties and witnesses are likely to fade." *McGinn*, at 1076; *see also Cruz*, at 11 ("delaying trial would increase the danger of prejudice resulting from the loss of evidence, including the inability of witnesses to recall specific facts" (quoting another source)). The Complaint here alleges near-daily sexual abuse over a period of months and a mass strip search processing Plaintiffs and more than one hundred other women. These are fact-intensive events whose reconstruction depends on witnesses who remain locatable and recollections that remain fresh. (ECF 6, Compl., at ¶¶ 34, 82).

The public interest points the same way. Litigation alleging systemic misconduct by prison officials implicates concerns beyond the parties, and the prompt handling of such cases serves the public interest. *McGinn*, at 1077 (the public has a "substantial interest in learning about the policies and practices of the El Paso County Jail to ensure it is 'operating within the bounds of the law.' . . . 'It may be that Defendants' conduct will pass constitutional muster, in which case the public is better served by knowing that' " (citations omitted)); *Cruz*, at 1169 ("Section 1983 cases frequently involve matters of significant public interest, such as accusations of severe misconduct by government officials against vulnerable members of society. The public writ large has a vested interest in promptly and justly addressing such allegations; delaying the

resolution of these cases may negatively impact the public trust and confidence in the legal system.”).

The public has a substantial interest in learning about the policies and practices of the Utah State Correctional Facility and whether it is operating lawfully. Against these interests, the Supervisor Defendants offer only a bare assertion of “significant resources.” a burden the *McGinn* court treated as neutral where the movant identified no burden beyond the immunity argument itself. *McGinn*, at 1076. The balance of interests favors proceeding with discovery.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court deny the Motion for Protective Order to Stay Discovery.

Dated this 3rd day of September 2026:

DEWSNUP KING OLSEN WOREL HAVAS

By: */s/ Walter M. Mason*
Walter M. Mason (Utah State Bar No. 16891)
201 South Main Street, Suite 1200
Salt Lake City, Utah 84111
Telephone: (801) 533-0400
wmason@dkow.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of September, 2026, I caused the foregoing **PLAINTIFFS' MEMORANDUM IN OPPOSITION TO THE MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY** to be filed electronically via the Court's CM/ECF system, who will send notification of such filing on all counsel of record in this case.

Derek E. Brown
Utah Attorney General
Andrew R. Hopkins (13748)
Julie I. Valdes (8584)
Assistant Utah Attorneys General
160 East 300 South, Sixth Floor
P.O. Box 140856
Salt Lake City, Utah 84114-0856
arhopkins@agutah.gov
jvaldes@agutah.gov

*Attorneys for Defendant Spencer Kilpack*

DEREK BROWN
Utah Attorney General
GREG HEWITT (18017)
SCOTT T. ALLEN (17928)
Assistant Attorneys General
160 East 300 South, 6th Floor
PO Box 140856
Salt Lake City, UT 84114-0856
gahewitt@agutah.gov
stallen@agutah.gov

*Attorneys for Defendant Sione Tuipulotu*

DEREK BROWN
Utah Attorney General
VANESSA R. WALSH (16180)
JUSTIN P. ANDERSON (15526)
Assistant Utah Attorneys General
160 East 300 South, 6th Floor
PO Box 140856

Salt Lake City, UT 84114-0856
vwalsh@agutah.gov
justinpanderson@agutah.gov

*Attorneys for Defendants Jared Garcia, Sharon D'amico, Derick Zorn, Jared Beers, Matthew Coombs, Casey Gehman, and David Hardy*

/s/ Sheena West