DEREK BROWN
Utah Attorney General
VANESSA R. WALSH (16180)
JUSTIN P. ANDERSON (15526)
Assistant Utah Attorneys General
160 East 300 South, 6th Floor
PO Box 140856
Salt Lake City, UT 84114-0856
Telephone: (801) 366-0100
*vwalsh@agutah.gov*
*justinpanderson@agutah.gov*

*Attorneys for Defendants D'Amico, Beers, Coombs, Garcia, Gehman, Hardy and Zorn*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| J.L. and K.S.,<br><br>Plaintiffs,<br><br>v.<br><br>Jared Garcia, et al.,<br><br>Defendants. | **REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER TO STAY DISCOVERY**<br><br>Case No. 2:26-cv-00404<br><br>District Judge Ann Marie McIff Allen<br><br>Magistrate Judge Cecilia M. Romero |

Defendants Sharon D'Amico, Jared Beers, Matthew Coombs, Jared Garcia, Casey Gehman, David Hardy, and Derrick Zorn (collectively "Supervisor Defendants") through undersigned counsel submit this Reply in Support of their Motion for Protective Order to Stay Discovery.

## ARGUMENT

Plaintiffs Opposition misstates the Supervisor Defendants position. While judicial economy favors staying discovery in its entirety, that is not the relief the Supervisor Defendant's seek. Setting aside the misinterpretation, Plaintiffs' arguments regarding prejudice and lack of good cause are unavailing.

**1. Plaintiffs misstate the scope of the Supervisor Defendants' Motion.**

The Supervisor Defendants requested relief was clear. They seek a "a protective order excusing ***them*** from complying with the Court's Order to Propose Schedule [ECF 10] and issue a stay until the Court rules on their Motion to Dismiss." Motion, [ECF 53], pp. 1, 2. They make that clarification again in their Conclusion stating "Because qualified immunity is a protection from the burdens of discovery not just from liability, the Supervisor Defendants are entitled to that protection until the Court issues a ruling on their Motion.". [ECF 53], p. 4.

**2. There is no prejudice to Plaintiffs.**

Plaintiffs argue prejudice because they have an interest in prompt discovery and a stay results in loss of evidence and faded memory. That argument fails on two fronts. First, any delay in a ruling on the Supervisor Defendants' Motion to Dismiss rests solely with the Plaintiffs, who requested a stipulation to extend their time to oppose by two months. They are simultaneously arguing they are entitled to a quick resolution while delaying resolution.

Second, the Supervisor Defendants are aware of their obligation to preserve evidence and recognize that fading memories are an unfortunate reality of litigation. However, courts in this Circuit require specific prejudice — spoliation or lost evidence — and reject the generalized delay/dilution theory. For example, in *Jensen v. Utah Cnty.*, No. 2:24-CV-00887-JNP-CMR, 2025 WL 3496597 (D. Utah Dec. 5, 2025), the plaintiffs "highlight[ed] the risk of witness

memories fading or evidence being lost," but the court found "any potential prejudice from a stay would be mitigated by the relatively short expected duration" and the parties' "duty to preserve evidence."[1] In *Consumer Fin. Prot. Bureau v. Fin. Asset Mgmt., Inc.*, No. 2:23-cv-038-HCN-JCB, 2024 WL 1330010 (D. Utah Mar. 28, 2024) the Court stated "generalized assertion of harm is insufficient to show undue prejudice or hardship." In *Lucero v. City of Aurora*, No. 1:23-CV-00851-GPG-SBP, 2023 WL 5957126 (D. Colo. Sept. 13, 2023)) the Court found that while the plaintiff has a presumptive right to proceed expeditiously, a claim that the passage of time "diluted" evidence, was not sufficient to outweigh the burden of discovery to the defendant who raised qualified immunity. *Id.* Simply put, an allegation that Supervisor Defendants will not preserve evidence and memories will fade falls woefully short.

Their argument regarding prejudice to the public fares no better. The public's interest is in an efficient and just resolution. Avoiding potentially wasteful efforts by the litigants serves that purpose. *In re Church of Jesus Christ of Latter-Day Saints Tithing Litig.*, No. 2:24-MD-03102-RJS-DAO, 2024 WL 4349160, at *4 (D. Utah Sept. 30, 2024). A ruling on the Motion to Dismiss will likely occur sooner than the close of fact discovery, and if granted, the public interest is served by showing the prison is "operating lawfully".

Indeed, proceeding with discovery prejudices the Supervisor Defendants. It requires them to engage in discovery prior to a ruling on which, if any, claims survive. As evidenced by Exhibit A to the Stipulated Motion for a Scheduling Order ECF [57-1] Plaintiffs expect nine months of discovery and seek up to 20 depositions.[2] That is a significant expense. As evidenced

[1] Here, it is the Plaintiffs that are hindering a resolution because of their requested extension.
[2] To add further complication, Plaintiffs would not stipulate to a short postponement of the Attorney Planning Meeting. Counsel for the Supervisor Defendants appeared at that meeting to inform all parties that because of the pending motion and the language in the Court's Order to Propose Schedule, they would not be participating in the remainder of the conference. The

in footnote 2 of the Court's Order to Propose Schedule [ECF 10], the Court favors a delay when the parties are waiting for the resolution of a pending motion. The rationale is simple: if there is cause to dismiss claims, discovery should not proceed on those claims. It is reasonable for the Supervisor Defendants to rely on that only on that notion but also the generally accepted practice in this District of a stay when a dispositive motion is filed.

**3. The Supervisor Defendants have shown good cause.**

Plaintiffs rely on *Pia v. Supernova Media, Inc.*, 275 F.R.D. 559, 560 (D. Utah 2011) to establish the Supervisor Defendants must show concrete reasons justifying a protective order and not rest on unverified fears. That case has no connection to a stay when qualified immunity is invoked. There the plaintiff sought a protective order preventing the release of deposition materials simply because counsel was unprofessional during the depositions. *Id*. 560-561. The Court denied that relief. Here, the Supervisor Defendants raised the defense of qualified immunity. Qualified immunity is an "***entitlement*** to immunity from suit and other demands of litigation." *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (emphasis added). It protects government officials from litigation, including discovery, and should be decided at the early possible stage in litigation. *Mitchell v. Forsyth*, 472 U.S. 511 (1985); *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Proceeding with discovery runs contrary to that proposition.

Further, discovery cannot be limited and would necessarily be overbroad. Plaintiffs bring four claims against the Supervisor Defendants. The federal claims are not related to each other and rely on different facts from different time periods. Proceeding with the state claim, which

---

Supervisor Defendants felt it disingenuous to both seek a stay of discovery while participating in planning discovery. Rather than follow the Order to Propose Schedule's directive to file a Motion for Scheduling Conference indicating which provisions are contested, Plaintiffs filed a stipulated motion.

does not invoke qualified immunity,[3] is also costly and wasteful. That claim is a catchall muddled claim based on the same allegations as the federal claims – "the systemic sexual predation by Defendants Kilpack and Tuipulotu, the retaliatory isolation of Plaintiff J.L., and the mass strip search orchestrated by the Supervisor Defendants . . .". Complaint, [ECF 6], p. 32. Plaintiffs can, and likely will, use this cause of action to seek discovery related to all causes of action, thereby negating a stay on the federal causes of action.[4]

Plaintiffs rely on *Rael v. McKinley County,* to support a position that discovery must continue on this claim. That case is easily distinguishable. There, three defendants filed a Motion for Partial Judgment on the Pleadings on the Basis of Qualified Immunity. 2023 WL 7701921, No. 1:22-cv-00703, at *1 (D.N.M. Nov. 15, 2023) (unpublished). They sought only dismissal of the federal claims. Not the state claims. The Court allowed discovery on the claims those defendants did not seek to dismiss. Here, the Supervisor Defendants filed a Motion to Dismiss all claims. The court may issue a full stay even when the qualified immunity defense is not applicable to all claims. *Dimas v. Pecos Indep. Sch. Dist. Bd. of Educ.*, No. 23-2064, 2024 WL 1881076, at *6 (10th Cir. Apr. 30, 2024) (a partial stay was inadequate and could drag the court into endless disputes about to whom the discovery stay applies and to which counts plaintiff may proceed with discovery).

**4. Plaintiffs misinterpret footnote one's "common core of operative facts"**

Plaintiffs rely on footnote one of the Supervisor Defendants Motion to argue a stay is not warranted because the claims against the Supervisor Defendants arise from a common core of operative facts. Plaintiffs miss the limitation that only the first and second causes of action have a

---

[3] The state claim also requires Plaintiffs to show the right is clearly established.
[4] As argued in the Supervisor Defendants' Motion to Dismiss, the second *Spackman* factor cannot be met because the claim is duplicative. [ECF 51].

common set of facts. Plaintiffs also miss that the statement applies only Kilpack and Tuipulotu - the two answering defendants. The footnote simply notes for the Court that staying all discovery for all parties promotes efficiency.

Anticipating that Kilpack and Tuipulotu are deposed, it is foreseeable the testimony will likely involve at least some of the Supervisor Defendants' involvement (or lack thereof). To avoid prejudice, the Supervisor Defendants would have to participate in each deposition or re-depose them at a later time. See *Monroe v. City of Lawrence, Kan.*, No. 13-2086-EFM-DJW, 2013 WL 6154592, at *3 (D. Kan. Nov. 21, 2013) (when the claims against defendants are so closely related, allowing discovery to proceed as to one while waiting on a ruling on another's motion to dismiss raising qualified immunity prejudices the moving party in "precisely the manner that the stay [] is intended to prevent."); *Spiehs v. Smith*, No. 25-4067-JWB-BGS, 2025 WL 2986827, at *3 (D. Kan. Oct. 23, 2025) (allowing discovery to proceed as to the Defendants without the immunity defense while the Motion to Dismiss awaits ruling would prejudice the defendants raising the defense in precisely the manner that the stay is intended to prevent.); *In re CFS-Related Sec. Fraud Litig.*, 179 F. Supp. 2d 1260, 1263–64 (N.D. Okla. 2001) (If a plaintiff engages in discovery with a defendants not subject to a stay, the stayed defendant "is going to want to be part of that process to protect its own interests" and "will want to monitor the discovery occurring" to insure that his rights are not prejudiced.")

Even using Plaintiffs' interpretation of the footnote, their argument still fails. They rely on *Cruz v. City of Deming*, 687 F. Supp. 3d 1155 (D.N.M. 2023) to argue a common core of operative facts is a recognized factor in the stay analysis and here it counts against a stay. That case is easily distinguishable from this one. There only one of nine defendants asserted qualified immunity. *Id.* at 1159. The Court, recognizing the uncontroversial nature of a staying a case

when a defendant files a dispositive motion invoking qualified immunity, *Id*. at 1166, fashioned a stay that stayed discovery related to the only defendant that did. *Id*. at 1170. Here, seven of nine defendants invoked qualified immunity. While a partial stay would require some participation in discovery related to the two answering defendants, it would still narrow the discovery regarding those two claims and provide the Supervisor Defendants with some relief from the burdens of discovery prior to a ruling on the Motion to Dismiss.

## CONCLUSION

Plaintiffs' arguments are unavailing. Because qualified immunity is a protection from the burdens of discovery not just from liability the Supervisor Defendants are entitled to that protection until such time their Motion is fully briefed, and the Court issues a ruling.

RESPECTFULLY SUBMITTED this 8 day of September 2026.

OFFICE OF THE UTAH ATTORNEY GENERAL

*/s/ Vanessa R. Walsh*
VANESSA R. WALSH
JUSTIN P. ANDERSON
Assistant Utah Attorneys General
*Attorneys for Defendants D'Amico, Beers, Coombs, Garcia, Gehman, Hardy and Zorn*